IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRYAN ANGLE, II,<br>        Plaintiff,<br><br>       v.<br><br>LT. SMITH, et al.,<br>        Defendants. | C.A. No. 22-33 Erie<br><br>District Judge Susan Paradise Baxter<br>Magistrate Judge Richard A. Lanzillo |

## **MEMORANDUM ORDER**

Plaintiff Bryan Angle, II, an inmate incarcerated at the State Correctional Institution at Fayette in LaBelle, Pennsylvania, originally filed this *pro se* civil rights action in the Court of Common Pleas of Erie County, Pennsylvania, against seventeen (17) corrections officers employed at SCI-Fayette. The action was removed to this Court by Notice of Removal filed by Defendants on January 31, 2022 [ECF No. 1] and was referred to United States Magistrate Judge Richard A. Lanzillo for report and recommendation in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrates.

On February 14, 2022, Defendants filed a motion to dismiss Plaintiff's complaint for failure to state a claim upon which relief may be granted [ECF No. 5]. Magistrate Judge Lanzillo subsequently issued a Report and Recommendation [ECF No. 19] recommending that Defendants' motion to dismiss be granted in part and denied in part. Judge Lanzillo's Report and Recommendation was adopted by this Court by Memorandum Order dated July 1, 2022 [ECF No. 21]. Pursuant to this Memorandum Order, Plaintiff was granted the right to amend his complaint to more fully state various claims that were otherwise subject to dismissal.

In response to this Court's Order, Plaintiff filed an amended complaint on July 28, 2022 [ECF No. 25], against fifteen named individuals and two unnamed Defendants identified as "John and Jane Does," all of whom were employed by the DOC and staffed at the State Correctional at Albion, Pennsylvania, where Plaintiff was formerly incarcerated. The named Defendants are Corrections Officers Arcley, Bly, Boncella, Bridges, Guyton, Hammett, Harrison, McDaniels, Montini, Nadal, and Vanderhoof; Sergeant Maluk; Lieutenants Froelick and Smith; and Hearing Examiner Szeweski. The amended complaint asserts federal claims of excessive use of force, retaliation, failure to protect, equal protection, and civil rights conspiracy, and Pennsylvania state law claims of assault, battery, conspiracy, conversion, and "falsification of documents."

On August 11, 2022, Defendants filed a motion to dismiss all claims, except for an excessive use of force claim against Defendant Guyton. [ECF No. 26]. On February 7, 2023, Magistrate Judge Lanzillo issued a Report and Recommendation ("R&R") recommending that Defendants' motion be granted as to all claims, except for Plaintiff's Eighth Amendment claims of excessive use of force and failure to intervene/protect, and state law claims of assault and battery, against Defendants Guyton, Boncella, Smith, Froelick, Maluk, Harrison, Bridges, McDaniels, Montini, Nadal, Arcley, and Hammett, and his First Amendment retaliation claim against Defendants Guyton, Boncella, and McDaniels. [ECF No. 41].

Plaintiff has filed timely objections to the R&R, essentially raising five (5) objections [ECF No. 42]. First, Plaintiff objects to Judge Lanzillo's recommendation to dismiss his retaliation claim against Defendant Vanderhoof (Id. at pp. 1-2); however, Plaintiff's objections in this regard fail to establish any substantive grounds to overcome the Magistrate Judge's well-

reasoned finding that Plaintiff has failed to allege an adverse action.

Second, Plaintiff argues that the Judge Lanzillo erred in failing to mention his RLUIPA, First Amendment, or state property tort claims against Defendant Smith regarding the confiscation of Plaintiff's Kufi (Id. at p. 2); however, such claims are not set forth in the amended complaint and, thus, were not properly before the Magistrate Judge for consideration.[1]

Third, Plaintiff objects to Judge Lanzillo's recommendation to dismiss Plaintiff's conversion claim against Defendants Smith, Vanderhoof, Bly, Szeweski, and Fraelick, because he only considered the confiscation of Plaintiff's Kufi, while the claim encompasses all of Plaintiff's property that was taken (Id. at p. 3). This objection is without merit, as the Magistrate Judge specifically referenced Plaintiff's allegations regarding the "illegal confiscation of his Kufi and other property." (ECF No. 41, at p. 25). With regard to these allegations, Judge Lanzillo properly found that Defendants "were acting pursuant to DOC regulations and within the scope of their employment" when they confiscated Plaintiff's property and, this, could not be held liable for conversion (Id.).

Fourth, Plaintiff objects to Judge Lanzillo's recommendation to dismiss Plaintiff's conspiracy claim against Defendants Guyton, Boncella, and McDaniels, based upon his finding that Plaintiff's "allegations do not support a plausible inference that Defendants conspired to commit any of the wrongful actions alleged in the amended complaint." (ECF No. 42, at pp. 3-4). In particular, Plaintiff points to the allegations of paragraph 32 of his amended complaint, where Plaintiff alleges that, after he told Sgt. Harris that she had an obligation to report what she had seen (referring to Defendant Guyton's alleged assault of Plaintiff that was allegedly stopped

---

[1] Although the amended complaint does allude to a "state law claim of 'destruction of property'" regarding the confiscation of his Kufi, such claim is not adequately supported.

by Sgt. Harris), "Plaintiff heard Defendants Guyton, Boncella, and McDaniels joking that: 'That's not what my misconducts gonna say!' 'Mine, either!'" (ECF No. 25, at ¶ 32). Even accepting these allegations as true, however, they are insufficient to establish an agreement among the Defendants "to plot, plan, or conspire to carry out the alleged chain of events." Sanchez v. Coleman, 2014 WL 7392400, at *9 (W.D. Pa. Dec. 11, 2014) (citation omitted). See Parness v. Christie, 2015 WL 4997430, at *11 (D.N.J. Aug. 19, 2015) (holding that it is "insufficient to allege that 'the end result of the parties' independent conduct caused plaintiff harm or even that alleged perpetrators of the harm acted in conscious parallelism") (citation omitted). Thus, Plaintiff's objection in this regard is without merit.

Finally, Plaintiff objects to Judge Lanzillo's recommendation that Plaintiff be denied the opportunity to amend his complaint to cure the deficiencies of the claims recommended for dismissal, because he has previously been granted multiple opportunities to amend and cure deficiencies, and "further amendment would be futile." (ECF No. 41, at pp. 28-29). To the contrary, Plaintiff argues that he has never been given the opportunity to amend his property claims, because such claims were previously allowed to proceed when the Court decided Defendants' first motion to dismiss Plaintiff's original complaint. However, Plaintiff did, in fact, amend his property (conversion) claims in his amended complaint, providing further factual detail that the Magistrate Judge has now found to be insufficient to maintain a claim of conversion. In light of this, the Court finds no fault with Judge Lanzillo's finding that further amendment of such claims would be futile.

Thus, after *de novo* review of the relevant documents in this case, together with the report and recommendation and objections thereto, the following order is entered:

AND NOW, this 1st day of March, 2023;

IT IS HEREBY ORDERED that the report and recommendation of Magistrate Judge Lanzillo, issued February 7, 2023 [ECF No. 41], is adopted as the opinion of the Court, and Defendants' motion to dismiss [ECF No. 26] is granted in part and denied in part as follows: Defendants' motion is DENIED as to Plaintiff's Eighth Amendment excessive use of force and failure to intervene/protect claims against Defendants Guyton, Boncella, Smith, Froelick, Maluk, Harrison, Bridges, McDaniels, Montini, Nadal, Arcley, and Hammett, and his First Amendment retaliation claim against Defendants Guyton, Boncella, and McDaniels. Defendants' motion is GRANTED as to all other claims of the amended complaint, with prejudice, except for Plaintiff's claim of excessive use of force against Defendant Guyton, which was not subject to Defendants' motion. As a result, the Clerk is directed to terminate the following Defendants from this case: CO1 Luckock, C/O Bly, C/O Vanderhoof, and Hearing Examiner Szeweski.

                                                                                               SUSAN PARADISE BAXTER
                                                                                               United States District Judge

cc:     The Honorable Richard A. Lanzillo
         U.S. Magistrate Judge

         all parties of record